KANE *v.* METROPOLITAN EL. RY. CO: *et al.*

(*Common Pleas of New York City and County, General Term.* December 2, 1889.)

1. COSTS—ALLOWANCE—RIGHTS OF DEFENDANT.
   Code Civil Proc. N. Y. § 3229, provides that where, in an action against two or more defendants, plaintiff is entitled to costs against one or more, but not against all of them, none of defendants are entitled to costs of course. *Held,* that where two defendants have united in one answer, and judgment has been rendered against one and in favor of the other, the successful defendant is not entitled to have the costs of trial taxed in his favor.

2. SAME—COSTS ON APPEAL.
   Where two defendants appeal on the same set of papers, and the judgment is affirmed as to one and reversed as to the other, but there is no proof that the successful defendant paid or incurred any part of the expense, and his appeal could have been just as effectively presented in a less expensive manner, no disbursements for printing or for stenographer's minutes will be taxed in his favor.

3. SAME—ARGUMENT FEES.
   In such a case, however, the successful defendant is entitled to his costs before the argument, and for the argument on appeal.

Appeal from special term.

Action by Edith Kane against the Metropolitan Elevated Railway Company and the New York Elevated Railway Company. Plaintiff obtained a judgment against both defendants at the trial term, and on appeal (6 N. Y. Supp. 526) this was affirmed, with costs, as to the New York Elevated Railway Company, but reversed, with costs, as to the Metropolitan Elevated Railway Company. Under the order of reversal, the last-named defendant served on plaintiff a bill of costs, containing the following classes of items: (1) Its costs and disbursements at the trial term; (2) the costs at general term, including the making and serving a case of more than 50 folios, costs before argument at

general term, and for argument at general term; (3) printing disbursements necessarily incurred by this defendant in presenting its appeal to the general term, and a copy of the stenographer's minutes required for preparing the case on appeal. The clerk disallowed the costs and disbursements at trial term, and allowed the costs and disbursements of the appeal. Code Civil Proc. N. Y. § 3229, provides: "Where, in * * * an action against two or more defendants, the plaintiff is entitled to costs against one or more, but not against all of them, none of defendants are entitled to costs of course."

On an appeal by both parties from the clerk's taxation of costs, the following opinion was filed at the special term:

"VAN HOESEN, J. The Manhattan Elevated Railway Company would have been a proper party defendant to this action, but the Metropolitan Elevated Railway Company was nowise responsible for the grievance for which the plaintiff sought redress. It is probable that the Metropolitan Company was made a party by mistake, the attorney for the plaintiff having for the moment confounded the names of the two companies. The defendants' attorneys seem not to have been at all anxious to call attention to the mistake until the case reached the general term, when a reversal of the judgment against the Metropolitan Company was demanded on the ground that it was the Manhattan, and not the Metropolitan, Company that ought to have been made defendant. The judgment against the Metropolitan Company was necessarily reversed; and in the order of reversal it is provided that the plaintiff and respondent shall recover costs of the appeal against the New York Elevated Railway Company, as to which company the judgment was affirmed, and that the judgment against the Metropolitan Elevated Railway Company should be reversed, with costs to the appellant, the Metropolitan Elevated Railroad Company. The question before me is as to the construction to be placed upon the order of the general term; and I am to decide what costs the Metropolitan Company should be permitted to tax under that order.

"*First.* The costs of the trial cannot be taxed in favor of the Metropolitan Company. That is clear. Only one answer was interposed, and in that both the New York and the Metropolitan Companies united. The two companies were not united in interest. Costs were rightly awarded against the New York Company. Section 3229 applies to the case, and provides that under such circumstances costs shall not be awarded to the defendant in whose favor judgment shall be recovered. Note to Throop's Code 1888, § 3229; *Allis* v. *Wheeler,* 56 N. Y. 50; *Sawyer* v. *Thurber,* 14 Civil Proc. R. 210; *Krafft* v. *Wilson,* 8 Civil Proc. R. 362. The general term meant to award such costs as could have been taxed if the proper judgment had been rendered in the first instance. No costs, save costs of the appeal, can lawfully be taxed in favor of the Metropolitan Company.

"*Secondly.* The only costs of appeal that should be taxed in favor of the Metropolitan Company are twenty dollars costs before argument and forty dollars for the argument. If there be a right to recover any disbursements, it has not been made to appear. There was only one notice of appeal, only one appeal-book, only one set of points. These were all necessary for the defendant the New York Company in the presentation of its appeal. The judgment against the New York Company was affirmed, with costs, and that affirmance carries with it the liability to pay all the expenses incurred in preparing for the argument of the appeal. The intention of the general term was that the New York Company should pay them. Why should the clerk of this court tax them against this plaintiff? The expense was incurred but once. Why should it be paid twice? The allowance of disbursements actually made, or necessarily to be incurred, is by way of indemnity to the party who has made or incurred them. Did the New York Company make or incur these expenses? If it did, it is not entitled to be reimbursed, because the judgment that it appealed from has been affirmed, with costs. The taxation

made by the clerk proceeded upon the erroneous theory that constructively there was a separate set of appeal papers printed by the Metropolitan Company. No such papers were in fact printed; and that company, therefore, needs no indemnity. The plaintiff ought not, in good conscience, to be compelled to pay the expenses of printing the papers of the New York Company; and yet that is practically the effect of the clerk's taxation. Under section 3265, the clerk may tax anew in conformity with the rulings here made. In cases where two defendants appeal upon the same set of papers, and the judgment is affirmed as to one and reversed as to the other, a fair mode of adjusting the expense would be to divide the cost of printing equally between them, so that one-half of that expense might be taxed by the party who succeeded in obtaining the reversal. But then there should be proof that the expense was in the first instance paid or incurred equally by both appellants. There should be no *post decisionem* arrangement. There is no proof here that the Metropolitan Company paid or incurred any part of the expense. But in this instance it would be inequitable to divide the expense equally, because the case of the Metropolitan could have been presented without incumbering the record with the mass of testimony that bore on the liability of the New York Company, though it had not the slightest relation to the case of the Metropolitan Company. A record of a few pages, and a brief of half a page or less, would have been ample for all the purposes of the Metropolitan Company. The expense of printing the oral testimony as to the loss inflicted upon the plaintiff by the operations of the New York and Manhattan Companies was not, and in the nature of things could not, have been necessarily incurred in presenting the appeal of the Metropolitan."

The defendant the Metropolitan Company appeals.

Argued before LARREMORE, C. J., and DALY and BOOKSTAVER, JJ.

*Davies & Rapallo* (*Edward S. Rapallo* and *Brainard Tolles*, of counsel,) for appellant. *John A. Weekes, Jr.*, for respondent.

PER CURIAM. The order herein made and entered, and dated August 2, 1889, denying the motion of the appellant for a retaxation of said appellant's costs, and granting the motion of the respondent for a retaxation of said appellant's costs, should be affirmed, upon the opinion filed by VAN HOESEN, J., in making such order.